UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In Re: Shields Health Care Group, Inc. Data Breach Litigation

Civil Action No.: 1:22-cv-10901-PBS

**[PROPOSED] ASSENTED-TO ORDER
APPOINTING INTERIM CLASS COUNSEL**

This matter comes before the Court on Plaintiffs' motions for appointment of Interim Class Counsel (the "Leadership Motions"). *See Smith* Plaintiffs (ECF Nos. 20-24); *Monette* Plaintiffs (ECF Nos. 19, 34-36); and *Biscan/Diaz* Plaintiffs (ECF Nos. 25, 28-30). The Court being fully advised, having heard oral argument from Movants on the Leadership Motions on September 8, 2022, and counsel for Movants having met and conferred thereafter, and for good cause shown, the Court **ORDERS** as follows:

**A.     Appointments to Interim Counsel Leadership Structure**

    **1.     Plaintiffs' Interim Co-Lead Counsel**

The Court appoints Lori G. Feldman of George Gesten McDonald, PLLC, Seth Meyer of Keller Postman LLC, and Elizabeth Pollock Avery of Lynch Carpenter, LLP as Interim Co-Lead Counsel for all Plaintiffs. Duties of Interim Co-Lead Counsel shall include:

    a)     Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically.

b) Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel—including, but not limited to, those counsel serving on the Interim Executive Committee—in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

c) Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

d) Determining and presenting (in briefs, oral argument, or such other fashion) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

e) Serving as the primary contact for all communications between Plaintiffs and Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

f) Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court, or directing Interim Co-Liaison Counsel to do the same;

g) Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

h) Receiving and initiating communication with the Court and the Clerk of

        the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel or through Interim Co-Liaison Counsel;

i) Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;

j) Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

k) Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

l) Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

m) Encouraging and enforcing efficiency among all Plaintiffs' counsel;

n) Assessing Plaintiffs' counsel for the costs of the litigation;

o) Consulting with the Interim Executive Committee to fulfill the Committee's obligations as Interim Co-Lead Counsel shall direct;

p) Preparing and distributing periodic status reports to the Court and to the parties as ordered;

q) Maintaining and collecting time and expense records for work performed, time billed, costs incurred and other disbursements made by Plaintiffs' counsel whose work Interim Co-Lead Counsel has specifically authorized, and submit, should the Court so request, *ex parte* and in camera reports to the Court summarizing the time billed in the prosecution of this action;

r) Developing and recommending for Court approval practices and

procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitor and administer such procedures. At such time as may be appropriate, Interim Co-Lead Counsel shall be responsible for the apportionment and allocation of fees and expenses to all Plaintiffs' counsel.  In the event that a dispute arises regarding fee and/or expense allocation, Interim Co-Lead Counsel shall make every attempt to informally resolve any such dispute(s).  If unsuccessful, Interim Co-Lead Counsel agree to submit the dispute to mediation; and

s) Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

## 2. Plaintiffs' Interim Co-Liaison Counsel

The Court appoints Nathaniel Orenstein of Berman Tabacco and Jason Leviton of Block & Leviton as Interim Co-Liaison Counsel for all Plaintiffs.  Interim Co-Liaison Counsel is responsible for performing the duties and responsibilities described in the MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004), including facilitating and expediting communications with and among Plaintiffs' counsel and fulfilling such other duties as requested by the Court or Interim Co-Lead Counsel.  The Court also orders the following:

a) Interim Co-Liaison Counsel is authorized to: (a) receive orders, notices, correspondence, and telephone calls from the Court and the Clerk of the Court on Plaintiffs' behalf; (b) prepare and transmit copies of such orders and notices on Plaintiffs' behalf; and (c) receive orders and notices from the District of Massachusetts, if any;

b) Interim Co-Liaison Counsel shall maintain complete files with copies of

        all documents served and make such files available to all Plaintiffs' counsel on request;

c)    Interim Co-Liaison Counsel must maintain and make available to all counsel and the Court an up-to-date service list; and

d)    Interim Co-Liaison Counsel shall assume other responsibilities as may be deemed appropriate by Interim Co-Lead Counsel or as ordered by the Court.

**3.**    **Plaintiffs' Interim Executive Committee**

Along with Interim Co-Lead Counsel and Interim Co-Liaison Counsel, the following individuals shall comprise the Interim Executive Committee: Stephen R. Basser of Barrack, Rodos & Bacine, Melissa R. Emert of Kantrowitz, Goldhamer & Graifman, P.C., Todd Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, Gary Klinger of Milberg LLP, Kenya Reddy of Morgan & Morgan, Hannah Barnett of Lynch Carpenter LLP, Carey Alexander of Scott+Scott Attorneys at Law LLP, Victoria M. Santoro Mair of Sweeney Merrigan Law LLC, and Carl Malmstrom of Wolf, Haldenstein, Adler, Freeman & Herz LLP.

The Interim Executive Committee shall meet and confer as needed concerning the activities relating to the prosecution and management of these proceedings, at the request and under the direction of Interim Co-Lead Counsel. Interim Co-Lead Counsel may establish subcommittees of the Interim Executive Committee to aid in the effective and efficient conduct of this litigation. The Interim Executive Committee, under the oversight and at the direction of Interim Co-Lead Counsel, shall assist with the prosecution of this litigation, including:

a)   Preparing the consolidated class action complaint and any subsequent amendments as necessary;

b) Developing and negotiating relevant discovery protocols and stipulations/orders, drafting discovery requests to defendants, and managing document review and electronic discovery;

c) Implementing and overseeing third-party discovery;

d) Working with experts for and defending experts in depositions, and preparing for and taking depositions of opposing counsel's experts;

e) Researching legal issues, preparing motions, and responding to motions; and

f) All other responsibilities as may deemed appropriate by Interim Co-Lead Counsel or as ordered by the Court.

B. **Additional Matters**

1. **Settlement Discussions**

Any discussions of a settlement of this litigation shall be conducted by Interim Co-Lead Counsel and any counsel designated by Interim Co-Lead Counsel.

2. **Proposed Agendas**

In advance of each status conference, Interim Co-Lead Counsel and Defendant's counsel will meet and confer regarding the agenda for the conference. Unless otherwise ordered, Interim Co-Lead Counsel and Defendant's counsel will file a joint notice setting out the proposed agenda and the parties' joint and/or respective positions no later than five calendar days prior to each status conference.

3. **Application of this Order**

This Order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions.

Interim Co-Liaison Counsel must serve a copy of this Order and all future orders promptly

by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Interim Co-Liaison Counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

**IT IS SO ORDERED.**

**DATE: _____**                                   _____
                                                              **Patti B. Saris**
                                                              **UNITED STATES DISTRICT JUDGE**