# EXHIBIT B



Claudia D. McCarron
Office: (267) 930-4787
Fax: (267) 930-4771
Email: cmccarron@mullen.law

426 W. Lancaster Avenue, Suite 200
Devon, PA 19333

October 28, 2022

**Via First-Class Mail and Email**
Elizabeth Pollock-Avery
Lynch Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
elizabeth@lcllp.com

Lori G. Feldman
George Gestern McDonald, PLLC
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
lfeldman@4-justice.com

Seth A. Meyer
Keller Postman, LLC
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
sam@kellerpostman.com

Re:   *In re Shields Health Care Group, Inc. Data Breach Litig.*,
      **No. 1:22-cv-10901-PBS (D. Mass).**

Dear Counsel:

     As you are aware, our firm represents Shields Health Care Group, Inc. ("Shields") in the above-referenced litigation (the "Consolidated Litigation"). We write in response to your correspondence dated September 30, 2022 (the "Letter"), which purports to be a pre-suit notice pursuant to the California Consumer Legal Remedies Act, Cal Civ. Code §§ 1750, *et seq.*; Massachusetts General Laws, Chapter 93A; and Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann. Tit. 5, §§ 205-A, *et seq*. Without conceding that the Letter constitutes a proper demand under these statutes, Shields responds as follows.

October 28, 2022
Page 2

At the outset, Shields denies all allegations of wrongdoing and that it has committed any violations of the above statutes. Shields maintains that it had implemented appropriate data security and privacy measures, policies, and procedures prior and in response to the data security incident of March 2022 (the "Incident"). Without conceding that Shields owed any legal duty related to data security, it denies that any such duties were breached. It further denies that it made any of the alleged misrepresentations to the named Plaintiffs or putative class members. Lastly, Shields contends that the notice provided describing the Incident was timely, in accordance with applicable federal or state statutes and regulations.

Additionally, Mass. Gen. Laws c. 93A, § 9(2), does not permit an action under Chapter 93A to be brought on behalf of a class of individuals unless a court first finds in a preliminary hearing that the named plaintiff adequately and fairly represents such other persons. No such hearing has been held and no findings made. Similarly, Cal Civ. Code § 1781 permits a claim to be brought on behalf of a class upon showing of certain enumerated factors for class certification. A court has not yet certified a class and Shields denies that a putative class can be certified. Accordingly, the Letter's "demand on behalf of themselves *and* a putative class of similar situated individuals whose medical records, PHI and/or PII were unlawfully accessed, reviewed and/or disseminated as a result of the Breach" is premature.

Notwithstanding, Shields has not provided any services or conducted trade or commerce in California, so it disputes the applicability of the Consumer Legal Remedies Act.

The Letter also demands that Shields take specify actions to "rectify its violations." However, since the Incident, Shields has taken significant action to further strengthen its data security posture. This includes, but is not limited to: implementing measures to improve tracking and auditing users in its environment; further restricting administrator privileges; executing a system-wide password reset; upgrading its email system; strengthening the firewall for its email system; and configuring an EDR tool to add additional end-point security. Shields evaluates security needs on an ongoing basis. Accordingly, Shields rejects that it must take the measures listed in the Letter, the demand for which is made with no current knowledge of Shields's data security posture before or since the Incident. These actions would constitute an appropriate remedy, as contemplated by Cal Civ. Code § 1782(b) and preclude an action for damages.

Finally, the Letter vaguely demands that Shields "[p]ay Plaintiffs and the Class for the costs incurred as a result of Shields' violations." These "costs" are not specified, either monetarily or substantively, and so Shields in unable to respond. The Letter also fails to make an adequate demand for relief or appropriate settlement offer. Regardless, based on the allegations in the complaints filed in the matters in the Consolidated Litigation, Shields denies that any Plaintiffs have adequately alleged any actual damages causally connected to the Incident. The Letter fails to identify any such damages.

Thank you for your attention to this matter.

October 28, 2022
Page 3

Very truly yours,

Claudia D. McCarron
Brian F. Fox
Jordan S. O'Donnell of
MULLEN COUGHLIN LLC

CDM:jso