**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re Shields Health Care Group, Inc.<br>Data Breach Litigation | Case No.: 1:22-cv-10901-PBS |

<u>**DEFENDANT, SHIELDS HEALTH CARE GROUP, INC'S,
ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT
WITH AFFIRMATIVE DEFENSES**</u>

Defendant, Shields Health Care Group, Inc. ("Shields"), by and through its undersigned counsel, answers the Consolidated Class Action Complaint filed by Plaintiffs James Buechler, Julie Colby, John Kennedy, Sharon Pimental, and Cindy Tapper (collectively "Plaintiffs") as follows:

## I.      INTRODUCTION

1.      Shields admits that it provides healthcare services either directly or through joint ventures in Massachusetts, Maine, and New Hampshire. Shields denies it provides services in any other state.  Shields admits that notice was sent, on its behalf, regarding the subject data security incident to individuals, some of whom were patients, located in the states listed in Paragraph 1. Shields denies the allegations in Paragraph 1 that a cybersecurity breach "compromised" Plaintiffs or the proposed class. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 regarding the travel of patients, and on that basis denies the allegations. Shields denies the remaining allegations in Paragraph 1.

2.      To the extent the allegations in Paragraph 2 constitute a statement of law,

no response is required. Shields otherwise denies the allegations in Paragraph 2, including that the subject data security incident occurred at its "medical facilities" or that information was "publicly exposed." Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

3.      Shields admits that it became aware of the subject data security incident on March 28, 2022. Shields denies that it failed to provide notice of the subject data security incident within 60 days of discovery or that it violated any laws. To the extent the allegations in Paragraph 2 constitute a legal conclusion, no response is required. To the extent a further response is required, Shields denies the allegations.

4.      The allegations in Paragraph 4 constitute a legal conclusion and no response is required. To the extent a further response is required, Shields denies the allegations.

5.      The allegations in Paragraph 5 refer to a written document, which speaks for itself. To the extent a further response is required, IWP denies the allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 constitute a legal conclusion, no response is required. Shields otherwise denies the allegations in Paragraph 6.

7.      Shields admits that that the data elements identified as potentially impacted in the subject data security incident include the categories alleged in Paragraph 7. To the extent the allegations in Paragraph 7 constitute a legal conclusion, no response is required. Shields otherwise denies the allegations in Paragraph 7.

8.      To the extent the allegations in Paragraph 8 constitute a statement of law, no response is required. Shields otherwise denies the allegations in Paragraph 8. Shields

denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

9.      To the extent the allegations in Paragraph 9 constitute a legal conclusion, no response is required. Shields otherwise denies the allegations in Paragraph 9.

10.      To the extent the allegations in Paragraph 10 constitute a legal conclusion, no response is required. Shields otherwise Shields denies the allegations in Paragraph 10.

11.      To the extent the allegations in Paragraph 11 constitute a legal conclusion, no response is required. Shields otherwise Shields denies the allegations in Paragraph 11.

12.      To the extent the allegations in Paragraph 12 constitute a legal conclusion, no response is required. Shields otherwise Shields denies the allegations in Paragraph 12.

13.      To the extent the allegations in Paragraph 13 constitute a legal conclusion, no response is required. Shields otherwise Shields denies the allegations in Paragraph 13.

14.      Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 regarding what "data thieves" possess or may do, and on that basis denies the allegations. To the extent the allegations in Paragraph 14 constitute a legal conclusion, no response is required. Shields otherwise denies the allegations in Paragraph 14.

15.      Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 regarding the experiences of Plaintiffs and putative class members, and on that basis denies the allegations.

16.      Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 regarding the experiences of Plaintiffs and putative class members, and on that basis denies the allegations.

3

17.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 regarding the experiences of Plaintiffs and putative class members, and on that basis denies the allegations.

18.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 regarding the experiences of Plaintiffs and putative class members, and on that basis denies the allegations.

19.     The allegations in Paragraph 19 constitute a statement of law, to which no response is required. Shields otherwise denies the allegations in Paragraph 19. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

20.     The allegations in Paragraph 20 constitute a statement of law, to which no response is required. Shields otherwise denies the allegations, including that it is liable for any of the causes of action listed in Paragraph 20. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

## II.     PARTIES

21.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 regarding Plaintiff Buechler, and on that basis denies the allegations.

22.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 regarding Plaintiff Colby, and on that basis denies the allegations.

23.     Shields is without knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 23 regarding Plaintiff Kennedy, and on that basis denies the allegations.

24.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 regarding Plaintiff Pimental, and on that basis denies the allegations.

25.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 regarding Plaintiff Tapper, and on that basis denies the allegations.

26.     Shields admits that it provides healthcare services either directly or through joint ventures in Massachusetts, Maine, and New Hampshire. Shields denies it provides services in any other state.  Shields admits that notice was sent, on its behalf, regarding the subject data security incident to individuals, some of whom were patients, located in the states listed in Paragraph 26. Shields denies the allegations in Paragraph 1 that a cybersecurity breach "compromised" Plaintiffs or the proposed class. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 regarding the travel of patients, and on that basis denies the allegations. Shields denies the remaining allegations in Paragraph 26.

### III.     JURISDICTION AND VENUE

27.     The allegations in Paragraph 27 constitute a legal conclusion to which no response is required. To the extent a response is required, Shields denies the allegations in Paragraph 27. Shields does not contest this Court's subject matter jurisdiction.

28.     The allegations in Paragraph 28 constitute legal conclusions to which no response is required. To the extent a response is required, Shields denies the allegations in

Paragraph 28. Shields does not contest personal jurisdiction.

29.     The allegations in Paragraph 29 constitute legal conclusions to which no response is required. Shields does not contest venue.

## IV.     STATEMENT OF FACTS

### A.     *Shields' Business*

30.     Shields admits the allegations in Paragraph 30. Shields denies that it "has" more than 40 facilities as alleged, as such are owned and/or operated in conjunction with other entities.

31.     Shields admits that it stores information related to its patients electronically. Shields otherwise denies the allegations in Paragraph 31.

32.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 regarding the demands of unidentified patients generally, and on that basis denies the allegations. To the extent the allegations in Paragraph 32 constitute a legal conclusion, no response is required. To the extent a further response is required, Shields denies the allegations.

### B.     *The Data Breach*

33.     Shields admits that unauthorized actors obtained access to Shields' systems between March 7, 2022 and March 21, 2022. Shields is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and on that basis denies the allegations. Shields otherwise denies the allegations in Paragraph 33.

34.     Shields admits that it commenced an investigation after discovering the data security incident. Shields is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 34, and on that basis denies the allegations. Shields otherwise denies the allegations in Paragraph 34.

35.    To the extent the allegations in Paragraph 35 refer to a written document, it speaks for itself. Shields otherwise denies the allegations in Paragraph 35, as it first issued internet and media notice of the subject data security incident on May 27, 2022.

36.    The allegations in Paragraph 36 refer to a written document, which speaks for itself.

37.    The allegations in Paragraph 37 refer to a written document, which speaks for itself.

38.    Shields denies the allegations in Paragraph 38.

39.    To the extent the allegations in Paragraph 39 refer to written documents, they speak for themselves. Shields otherwise denies the allegations in Paragraph 39.

40.    Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and on that basis denies the allegations.

### C.    Plaintiffs' Experiences Following the Data Breach

**James Buechler**

41.    Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 regarding Plaintiff Buechler, and on that basis denies the allegations.

42.    Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 regarding Plaintiff Buechler, and on that basis denies the allegations.

43.    Shields is without knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 43 regarding Plaintiff Buechler, and on that basis denies the allegations.

44.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 regarding Plaintiff Buechler, and on that basis denies the allegations.

45.     To the extent the allegations in Paragraph 45 refer to a written document, it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 regarding Plaintiff Buechler, and on that basis denies the allegations.

46.     To the extent the allegations in Paragraph 46 refer to a written document, it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 regarding Plaintiff Buechler, and on that basis denies the allegations. To the extent the allegations constitute a legal conclusion regarding the adequacy of credit monitoring services, no response is required. To the extent a further response is required, Shields denies the allegations.

47.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 regarding Plaintiff Buechler, and on that basis denies the allegations.

48.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 regarding Plaintiff Buechler, and on that basis denies the allegations.

49.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 regarding Plaintiff Buechler, and on that basis

denies the allegations.

50.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 regarding Plaintiff Buechler, and on that basis denies the allegations.

51.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 regarding Plaintiff Buechler, and on that basis denies the allegations. Shields denies the remaining allegations in Paragraph 51.

52.     The allegations in Paragraph 52 constitute a legal conclusion and no response is required. To the extent a further response is required, Shields denies the allegations.

53.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 regarding Plaintiff Buechler, and on that basis denies the allegations.

54.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 regarding Plaintiff Buechler, and on that basis denies the allegations.

**Julie Colby**

55.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 regarding Plaintiff Colby, and on that basis denies the allegations.

56.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 regarding Plaintiff Colby, and on that basis denies the allegations.

57.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 regarding Plaintiff Colby, and on that basis denies the allegations.

58.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 regarding Plaintiff Colby, and on that basis denies the allegations.

59.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 regarding Plaintiff Colby, and on that basis denies the allegations.

60.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 regarding Plaintiff Colby, and on that basis denies the allegations.

61.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 regarding Plaintiff Colby, and on that basis denies the allegations.

62.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 regarding Plaintiff Colby, and on that basis denies the allegations.

63.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 regarding Plaintiff Colby, and on that basis denies the allegations.

**John Kennedy**

64.     Shields is without knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 64 regarding Plaintiff Kennedy, and on that basis denies the allegations.

65.     Shields admits it discovered the subject data security incident on March 28, 2022. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 regarding Plaintiff Kennedy, and on that basis denies the allegations.

66.     To the extent the allegations in Paragraph 66 refer to a written document, it speaks for itself. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 regarding Plaintiff Kennedy, and on that basis denies the allegations.

67.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 regarding Plaintiff Kennedy, and on that basis denies the allegations.

68.     To the extent the allegations in Paragraph 68 refer to a written document, it speaks for itself. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 regarding Plaintiff Kennedy, and on that basis denies the allegations.

69.     To the extent the allegations in Paragraph 69 refer to a written document, it speaks for itself. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 regarding Plaintiff Kennedy, and on that basis denies the allegations. To the extent the allegations constitute a legal conclusion regarding the adequacy of credit monitoring services, no response is required. To the extent a further response is required, Shields denies the allegations.

70.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 regarding Plaintiff Kennedy, and on that basis denies the allegations.

71.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 regarding Plaintiff Kennedy, and on that basis denies the allegations.

72.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 regarding Plaintiff Kennedy, and on that basis denies the allegations. Shields denies the remaining allegations in Paragraph 72.

73.     The allegations in Paragraph 73 constitute a legal conclusion and no response is required. To the extent a further response is required, Shields denies the allegations.

74.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 regarding Plaintiff Kennedy, and on that basis denies the allegations.

75.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 regarding Plaintiff Kennedy, and on that basis denies the allegations.

**Sharon Pimental**

76.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 regarding Plaintiff Pimental, and on that basis denies the allegations.

77.     Shields is without knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 77 regarding Plaintiff Kennedy, and on that basis denies the allegations.

78.     Shields admits it discovered the subject data security incident on March 28, 2022. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 regarding Plaintiff Pimental, and on that basis denies the allegations.

79.     To the extent the allegations in Paragraph 79 refer to a written document, it speaks for itself. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 regarding Plaintiff Pimental, and on that basis denies the allegations.

80.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 regarding Plaintiff Pimental, and on that basis denies the allegations.

81.     To the extent the allegations in Paragraph 81 refer to a written document, it speaks for itself. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 regarding Plaintiff Pimental, and on that basis denies the allegations.

82.     To the extent the allegations in Paragraph 82 refer to a written document, it speaks for itself. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 regarding Plaintiff Pimental, and on that basis denies the allegations. To the extent the allegations constitute a legal conclusion regarding the adequacy of credit monitoring services, no response is required. To the extent a further response is required, Shields denies the allegations.

83. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 regarding Plaintiff Pimental, and on that basis denies the allegations.

84. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 regarding Plaintiff Pimental, and on that basis denies the allegations.

85. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 regarding Plaintiff Pimental, and on that basis denies the allegations. Shields denies the remaining allegations in Paragraph 85.

86. The allegations in Paragraph 86 constitute a legal conclusion and no response is required. To the extent a further response is required, Shields denies the allegations.

87. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 regarding Plaintiff Pimental, and on that basis denies the allegations.

88. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 regarding Plaintiff Pimental, and on that basis denies the allegations.

**Cindy Tapper**

89. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 regarding Plaintiff Tapper, and on that basis denies the allegations.

90. Shields is without knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 90 regarding Plaintiff Tapper, and on that basis denies the allegations.

91.     Shields admits it discovered the subject data security incident on March 28, 2022. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 regarding Plaintiff Tapper, and on that basis denies the allegations.

92.     To the extent the allegations in Paragraph 92 refer to a written document, it speaks for itself. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 regarding Plaintiff Tapper, and on that basis denies the allegations.

93.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 regarding Plaintiff Tapper, and on that basis denies the allegations.

94.     To the extent the allegations in Paragraph 94 refer to a written document, it speaks for itself. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 regarding Plaintiff Tapper, and on that basis denies the allegations.

95.     To the extent the allegations in Paragraph 95 refer to a written document, it speaks for itself. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 regarding Plaintiff Tapper, and on that basis denies the allegations. To the extent the allegations constitute a legal conclusion regarding the adequacy of credit monitoring services, no response is required. To the extent a further response is required, Shields denies the allegations.

15

96.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 regarding Plaintiff Tapper, and on that basis denies the allegations.

97.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 regarding Plaintiff Tapper, and on that basis denies the allegations. Shields denies the remaining allegations in Paragraph 97.

98.     The allegations in Paragraph 98 constitute a legal conclusion and no response is required. To the extent a further response is required, Shields denies the allegations.

99.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 regarding Plaintiff Tapper, and on that basis denies the allegations.

100.    Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 regarding Plaintiff Tapper, and on that basis denies the allegations.

### D.     *Shields' Privacy Policies*

101.    The allegations in Paragraph 101 refer to written documents, which speaks for themselves.

102.    To the extent the allegations in Paragraph 102 refer to written documents, they speaks for themselves. To the extent the allegations constitute a legal conclusion, no response is required. To the extent a further response is required, Shields denies the allegations.

103.    To the extent the allegations in Paragraph 103 constitute legal conclusions

no response is required. Shields otherwise denies the allegations in Paragraph 103.

**E.**     ***The Healthcare Sector Is Particularly Susceptible to Cyberattacks***

104.     To the extent the allegations in Paragraph 104 refer to a written document, it speaks for itself. Shields otherwise denies the allegations in Paragraph 104.

105.     The allegations in Paragraph 105 refer to a written document, which speaks for itself.

106.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 regarding statistics on data breaches and on that basis denies them.

107.     To the extent the allegations in Paragraph 107 refer to a written document, it speaks for itself. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 regarding statistics on data breaches and on that basis denies them.

108.     To the extent the allegations in Paragraph 108 refer to a written document, it speaks for itself. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 regarding statistics on data breaches and on that basis denies them.

109.     To the extent the allegations in Paragraph 109 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 109.

**E.**     ***Shields Acquires, Collects, and Stores Its Patients' Private Information***

110.     Shields admits that it obtains and stores information related to its patients. Shields otherwise denies the allegations in Paragraph 110.

111.     Shields admits that patients are required to provide certain information to

receive services. Shields denies the remaining allegations in Paragraph 111.

112.    To the extent the allegations in Paragraph 112 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 112.

113.    To the extent the allegations in Paragraph 113 constitute a legal conclusion, no response is required. To the extent a further response is required, Shields denies the allegations. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 regarding Plaintiffs' and putative class members' actions and beliefs.

### F.    *The Value of Private Information and the Effects of Unauthorized Disclosure*

114.    To the extent the allegations in Paragraph 114 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 114.

115.    Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and on that basis denies the allegations.

116.    To the extent the allegations in Paragraph 116 refer to a written document, it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and on that basis denies the allegations.

117.    Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and on that basis denies the allegations.

118.    To the extent the allegations in Paragraph 118 refer to a written document, it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and on that basis denies the

allegations.

119.    To the extent the allegations in Paragraph 119 refer to a written document, it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and on that basis denies the allegations.

120.    To the extent the allegations in Paragraph 120 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 120.

121.    Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 regarding the actions of cybercriminals, and on that basis denies the allegations.

122.    To the extent the allegations in Paragraph 122 refer to a written document, it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and on that basis denies the allegations.

123.    To the extent the allegations in Paragraph 123 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 123.

### G.    *Shields' Conduct Violates HIPAA*

124.    To the extent the allegations in Paragraph 124 refer to a written document, it speaks for itself. To the extent the allegations constitute a statement of law, no response is required. To the extent a further response is required, Shields denies the allegations.

125.    To the extent the allegations in Paragraph 125 refer to written documents, they speak for themselves. To the extent the allegations constitute a statement of law, no response is required. To the extent a further response is required, Shields denies the

allegations.

126.    To the extent the allegations in Paragraph 126 refer to a written document, it speaks for itself. To the extent the allegations constitute a legal conclusion, no response is required. To the extent a further response is required, Shields denies the allegations.

127.    To the extent the allegations in Paragraph 127 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 127, including subparts (i) through (x).

**H.    Shields Failed to Comply with FTC Guidelines**

128.    To the extent the allegations in Paragraph 128 refer to a written document, it speaks for itself. To the extent the allegations constitute a legal conclusion, no response is required. To the extent a further response is required, Shields denies the allegations.

129.    To the extent the allegations in Paragraph 129 refer to written documents, they speak for themselves. To the extent the allegations constitute a legal conclusion, no response is required. To the extent a further response is required, Shields denies the allegations.

130.    To the extent the allegations in Paragraph 130 refer to a written document, it speaks for itself.

131.    To the extent the allegations in Paragraph 131 refer to written documents, they speak for themselves. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 regarding the FTC's recommendations and on that basis denies them.

132.    To the extent the allegations in Paragraph 132 refer to written documents, they speak for themselves. To the extent the allegations constitute a legal conclusion, no

response is required. To the extent a further response is required, Shields denies the allegations. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 regarding the FTC's enforcement actions and on that basis denies them.

133.    To the extent the allegations in Paragraph 133 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 133.

134.    To the extent the allegations in Paragraph 134 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 134.

##### I.    *Shields Failed to Comply with Healthcare Industry Standards*

135.    To the extent the allegations in Paragraph 135 refer to a written document, it speaks for itself.

136.    To the extent the allegations in Paragraph 136 refer to a written document, it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 regarding HHS' statements and on that basis denies them

137.    To the extent the allegations in Paragraph 137 refer to a written document, it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 regarding private cybersecurity firms' statements and on that basis denies them.

138.    To the extent the allegations in Paragraph 138 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 138.

**J.      Cyber Criminals Have and Will Continue to Use Plaintiffs' and Class Members' PII for Nefarious Purposes**

139.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 regarding the value of Plaintiffs' and putative class members and motives of cybercriminals, and on that basis denies them.

140.     To the extent the allegations in Paragraph 140 refer to a written document, it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 regarding the cumulative effects of data breaches national and on that basis denies them.

141.     Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 regarding the value of PII and on that basis denies them.

142.     To the extent the allegations in Paragraph 142 refer to a written document, it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 regarding the nature of risks resulting from data breaches and on that basis denies them.

143.     To the extent the allegations in Paragraph 143 refer to a written document, it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 regarding government studies and on that basis denies them.

144.     To the extent the allegations in Paragraph 144 refer to a written document, it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 regarding the nature of risks

resulting from data breaches and on that basis denies them.

145.    To the extent the allegations in Paragraph 145 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 145.

### K.    Plaintiffs and Class Members Suffered Damages

146.    To the extent the allegations in Paragraph 146 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 146.

147.    To the extent the allegations in Paragraph 147 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 147.

148.    To the extent the allegations in Paragraph 148 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 148.

149.    To the extent the allegations in Paragraph 149 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 149.

150.    Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 regarding the risks associated with identity theft and on that basis denies them.

151.    Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 regarding the risks associated with identity theft and on that basis denies them.

152.    To the extent the allegations in Paragraph 152 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 152.

153.    To the extent the allegations in Paragraph 153 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 153.

154.    To the extent the allegations in Paragraph 154 constitute legal conclusions

no response is required. Shields otherwise denies the allegations in Paragraph 154.

155.    To the extent the allegations in Paragraph 155 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 155.

156.    To the extent the allegations in Paragraph 156 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 156.

157.    To the extent the allegations in Paragraph 157 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 157.

158.    To the extent the allegations in Paragraph 158 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 158.

159.    To the extent the allegations in Paragraph 159 refer to a written document, its speaks for itself. Shields is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 regarding government studies and on that basis denies them.

160.    To the extent the allegations in Paragraph 160 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 160.

161.    To the extent the allegations in Paragraph 161 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 161, including subparts (i) to (vi).

162.    To the extent the allegations in Paragraph 162 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 162.

   **L.    *Shields' Delay in Identifying & Reporting the Breach Caused Additional Harm***

163.    To the extent the allegations in Paragraph 163 refer to a written document,

it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and on that basis denies them.

164.    To the extent the allegations in Paragraph 164 refer to a written document, it speaks for itself. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and on that basis denies them.

165.    To the extent the allegations in Paragraph 165 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 165.

166.    To the extent the allegations in Paragraph 166 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 166.

## V.    CLASS ALLEGATIONS

167.    The allegations in Paragraph 167 constitute a statement of law to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

168.    The allegations in Paragraph 168 constitute a statement of law to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

169.    The allegations in Paragraph 169 constitute a statement of law to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a

class.

170.    The allegations in Paragraph 170 constitute a statement of law to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

171.    The allegations in Paragraph 171 constitute a statement of law to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

172.    The allegations in Paragraph 172 constitute legal conclusions to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

173.    The allegations in Paragraph 173, including subparts (i) to (xi), constitute legal conclusions to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

174.    The allegations in Paragraph 174 constitute legal conclusions to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

175.    The allegations in Paragraph 175 constitute legal conclusions to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to

any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

176. The allegations in Paragraph 176 constitute legal conclusions to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

177. The allegations in Paragraph 177 constitute legal conclusions to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

178. The allegations in Paragraph 178 constitute legal conclusions to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

179. The allegations in Paragraph 179 constitute legal conclusions to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

180. The allegations in Paragraph 180 constitute legal conclusions to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

181. To the extent the allegations in Paragraph 181 constitute legal conclusions,

no response is required. Shields otherwise denies the allegations in Paragraph 181. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

182.    To the extent the allegations in Paragraph 182 constitute legal conclusions, no response is required. Shields otherwise denies the allegations in Paragraph 182. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

183.    The allegations in Paragraph 183, including subparts (i) to (v), constitute legal conclusions to which no response is required. Shields denies that Plaintiffs and the proposed class are entitled to any relief. Shields further denies that Plaintiffs' allegations will support certification of a class.

### COUNT I
### Negligence
### (On Behalf of Plaintiffs and the Nationwide Class)

184.    Shields restates and incorporates by reference its responses to Paragraphs 1 to 183, above.

185.    Shields admits that patients are required to provide certain information to receive services. Shields is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 regarding each Plaintiff and putative class member and on that basis denies them.

186.    To the extent the allegations in Paragraph 186 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 186.

187.    To the extent the allegations in Paragraph 187 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 187.

188.     To the extent the allegations in Paragraph 188 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 188.

189.     To the extent the allegations in Paragraph 189 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 189.

190.     To the extent the allegations in Paragraph 190 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 190.

191.     To the extent the allegations in Paragraph 191 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 191.

192.     To the extent the allegations in Paragraph 192 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 192.

193.     To the extent the allegations in Paragraph 193 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 193.

## COUNT II
### Negligence *Per Se*
### (On Behalf of Plaintiffs and the Nationwide Class)

194.     Shields restates and incorporates by reference its responses to Paragraphs 1 to 193, above.

195.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 195.

196.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 196.

197.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 197.

198.     As Plaintiffs have voluntarily dismissed this cause of action, no response is

required. Notwithstanding, Shields denies the allegations in Paragraph 198.

199.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 199.

200.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 200.

201.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 201.

**<u>COUNT III</u>**
**Breach of Express Contract**
**(On Behalf of Plaintiffs and the Nationwide Class)**

202.    Shields restates and incorporates by reference its responses to Paragraphs 1 to 201, above.

203.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 203.

204.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 204.

205.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 205.

206.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 206.

**<u>COUNT IV</u>**
**Breach of Implied Contract**
**(On Behalf of Plaintiffs and the Nationwide Class)**

207.    Shields restates and incorporates by reference its responses to Paragraphs 1 to 206, above.

208.    To the extent the allegations in Paragraph 208 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 208.

209.    To the extent the allegations in Paragraph 209 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 209.

210.    To the extent the allegations in Paragraph 210 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 210.

211.    To the extent the allegations in Paragraph 211 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 211.

212.    To the extent the allegations in Paragraph 212 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 212.

213.    To the extent the allegations in Paragraph 213 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 213.

<u>**COUNT V**</u>
**Breach of Implied Covenant of Good Faith and Fair Dealing**
**(On Behalf of Plaintiffs and the Nationwide Class)**

214.    Shields restates and incorporates by reference its responses to Paragraphs 1 to 213, above.

215.    To the extent the allegations in Paragraph 215 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 215.

216.    To the extent the allegations in Paragraph 216 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 216.

217.    To the extent the allegations in Paragraph 217 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 217.

218.    To the extent the allegations in Paragraph 218 constitute legal conclusions

no response is required. Shields otherwise denies the allegations in Paragraph 218.

219.     To the extent the allegations in Paragraph 219 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 219.

220.     To the extent the allegations in Paragraph 220 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 220.

221.     To the extent the allegations in Paragraph 221 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 221.

222.     To the extent the allegations in Paragraph 222 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 222.

## COUNT VI
### Breach of Negligent Misrepresentation
### (On Behalf of Plaintiffs and the Nationwide Class)

223.     Shields restates and incorporates by reference its responses to Paragraphs 1 to 222, above.

224.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 224.

225.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 225.

226.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 226.

227.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 227.

228.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 228.

229.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 229.

<u>COUNT VII</u>
**Invasion of Privacy by Intrusion**
**(On Behalf of Plaintiffs and the Nationwide Class)**

230.    Shields restates and incorporates by reference its responses to Paragraphs 1 to 229, above.

231.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 231.

232.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 232.

233.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 233.

234.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 234.

235.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 235.

236.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 236.

237.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 237.

238.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 238.

239.    As the Court has dismissed this cause of action with prejudice, no response

is required. Notwithstanding, Shields denies the allegations in Paragraph 239.

240.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 240.

241.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 241.

## COUNT VIII
### Breach of Fiduciary Duty
### (On Behalf of Plaintiffs and the Nationwide Class)

242.     Shields restates and incorporates by reference its responses to Paragraphs 1 to 241, above.

243.     To the extent the allegations in Paragraph 243 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 243.

244.     To the extent the allegations in Paragraph 244 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 244.

245.     To the extent the allegations in Paragraph 245 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 245.

246.     To the extent the allegations in Paragraph 246 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 246.

247.     To the extent the allegations in Paragraph 247 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 247.

248.     To the extent the allegations in Paragraph 248 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 248.

**COUNT IX**
**Breach of Confidence**
**(On Behalf of Plaintiffs and the Nationwide Class)**

249.    Shields restates and incorporates by reference its responses to Paragraphs 1 to 248, above.

250.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 250.

251.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 251.

252.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 252.

253.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 253.

254.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 254.

255.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 255.

256.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 256.

257.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 257.

258.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 258.

259.    As Plaintiffs have voluntarily dismissed this cause of action, no response is

required. Notwithstanding, Shields denies the allegations in Paragraph 259.

260.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 260.

## COUNT X
**Declaratory Judgment**
**(On Behalf of Plaintiffs and the Nationwide Class)**

261.    Shields restates and incorporates by reference its responses to Paragraphs 1 to 260, above.

262.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 262.

263.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 263.

264.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 264.

265.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 265.

266.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 266.

267.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 267.

268.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 268.

269.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 269.

270.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 270.

## COUNT XI
**Unjust Enrichment**
**(On Behalf of Plaintiffs and the Nationwide Class)**

271.     Shields restates and incorporates by reference its responses to Paragraphs 1 to 270, above.

272.     To the extent the allegations in Paragraph 272 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 272.

273.     To the extent the allegations in Paragraph 273 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 273.

274.     To the extent the allegations in Paragraph 74 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 274.

275.     To the extent the allegations in Paragraph 275 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 275.

276.     To the extent the allegations in Paragraph 276 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 276.

277.     To the extent the allegations in Paragraph 277 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 277.

278.     To the extent the allegations in Paragraph 278 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 278.

<u>**COUNT XII**</u>

**Violation of the Rhode Island Deceptive Trade Practices Act, R.I. GEN. LAWS §§6-13.1-1, *et seq.***
**(On Behalf of Plaintiffs Kennedy and Pimental and the Rhode Island Sub-Class)**

279.    Shields restates and incorporates by reference its responses to Paragraphs 1 through 278, above.

280.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 280.

281.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 281.

282.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 282.

283.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 283.

284.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 284.

285.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 285.

286.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 286.

287.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 287.

288.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 288.

289.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 289.

290.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 290.

291.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 291.

292.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 292.

293.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 293.

294.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 294.

295.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 295.

296.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 296.

297.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 297.

298.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 298.

299.    As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 299.

## COUNT XIII
### Violation of the Maine Unfair Trade Practices Act, ME. STAT. tit. 5, §§205, 213, *et seq.*
### (On Behalf of Plaintiff Colby and the Maine Sub-Class)

300.     Shields restates and incorporates by reference its responses to Paragraphs 1 through 299, above.

301.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 301.

302.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 302.

303.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 303.

304.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 304, including subparts (a) to (h).

305.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 305.

306.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 306.

307.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 307.

308.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 308.

309.     As the Court has dismissed this cause of action with prejudice, no response

is required. Notwithstanding, Shields denies the allegations in Paragraph 309.

310.   As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 310.

**COUNT XIV**
**Violation of the Maine Uniform Deceptive**
**Trade Practices Act, ME. STAT. tit. 10, §§1212, *et seq.***
**(On Behalf of Plaintiff Colby and the Maine Sub-Class)**

311.   Shields restates and incorporates by reference its responses to Paragraphs 1 through 310, above.

312.   As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 312.

313.   As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 313.

314.   As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 314.

315.   As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 315, including subparts (a) to (h).

316.   As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 316.

317.   As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 317.

318.   As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 318.

319.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 319.

320.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 320.

321.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 321.

322.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 322.

**COUNT XV**
**Violation of the Maine Confidentiality of Health Care Information Law,**
**ME. STAT. tit. 22, §§1711-C**
**(On Behalf of Plaintiff Colby and the Maine Sub-Class)**

323.     Shields restates and incorporates by reference its responses to Paragraphs 1 through 322, above.

324.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 324.

325.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 325.

326.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 326.

327.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 327.

328.     As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 328.

329. As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 329.

330. As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 330.

331. As the Court has dismissed this cause of action with prejudice, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 331.

**COUNT XVI**
**Violation of Maryland Consumer**
**Protection Act, MD. CODE, COM. LAW §§13-101,** *et seq.*
**(On Behalf of Plaintiff Buechler and the Maryland Sub-Class)**

332. Shields restates and incorporates by reference its responses to Paragraphs 1 through 331, above.

333. As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 333.

334. As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 334.

335. As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 335.

336. As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 336.

337. As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 337.

338. As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 338.

339.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 339, including subparts (a) to (f).

340.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 340, including subparts (a) to (g).

341.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 341.

342.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 342.

343.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 343.

344.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 344.

345.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 345.

**<u>COUNT XVII</u>**
**Violation of the Maryland Personal Information Protection Act,**
**MD. CODE, COM. LAW §§14-3501, *et seq.***
**(On Behalf of Plaintiff Buechler and the Maryland Sub-Class)**

346.    Shields restates and incorporates by reference its responses to Paragraphs 1 through 345, above.

347.    As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 347.

348.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 348.

349.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 349.

350.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 350.

351.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 351.

352.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 352.

353.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 353.

354.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 354.

355.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 355.

356.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 356.

357.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 357.

358.     As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 358.

359.     As Plaintiffs have voluntarily dismissed this cause of action, no response is

required. Notwithstanding, Shields denies the allegations in Paragraph 359.

<u>**COUNT XVIII**</u>
**Violation of the Maryland Social Security Number Privacy Act,**
**MD. CODE, COM. LAW §4-3401, *et seq.***
**(On Behalf of Plaintiff Buechler and the Maryland Sub-Class)**

360. Shields restates and incorporates by reference its responses to Paragraphs 1 through 359, above.

361. As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 361.

362. As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 362.

363. As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 363.

364. As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 364.

365. As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 365.

366. As Plaintiffs have voluntarily dismissed this cause of action, no response is required. Notwithstanding, Shields denies the allegations in Paragraph 366.

<u>**COUNT XIX**</u>
**Violation of the New Hampshire Consumer Protection Act,**
**N.H. REV. STAT. §§358-A, *et seq.***
**(On Behalf of Plaintiff Tapper and the New Hampshire Sub-Class)**

367. Shields restates and incorporates by reference its responses to Paragraphs 1 to 366, above.

368. To the extent the allegations in Paragraph 368 constitute legal conclusions

46

no response is required. Shields otherwise denies the allegations in Paragraph 368.

369.    To the extent the allegations in Paragraph 369 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 369.

370.    To the extent the allegations in Paragraph 370 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 370, including subparts (a) to (c).

371.    To the extent the allegations in Paragraph 371 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 371.

372.    To the extent the allegations in Paragraph 372 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 372.

373.    To the extent the allegations in Paragraph 373 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 373, including subparts (a) to (c).

374.    To the extent the allegations in Paragraph 374 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 374.

375.    To the extent the allegations in Paragraph 375 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 375.

376.    To the extent the allegations in Paragraph 376 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 376.

377.    To the extent the allegations in Paragraph 377 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 377.

378.    To the extent the allegations in Paragraph 378 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 378.

379.    To the extent the allegations in Paragraph 379 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 379.

380.    To the extent the allegations in Paragraph 380 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 380.

381.    To the extent the allegations in Paragraph 381 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 381.

**<u>COUNT XX</u>**
**Violation of the New Hampshire Notice of Security**
**Breach statute, N.H. REV. STAT. §§359-C:20, *et seq.***
**(On Behalf of Plaintiff Tapper and the New Hampshire Sub-Class)**

382.    Shields restates and incorporates by reference its responses to Paragraphs 1 to 381, above.

383.    To the extent the allegations in Paragraph 383 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 383.

384.    To the extent the allegations in Paragraph 384 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 384.

385.    To the extent the allegations in Paragraph 385 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 385.

386.    To the extent the allegations in Paragraph 386 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 386.

387.    To the extent the allegations in Paragraph 387 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 387.

388.    To the extent the allegations in Paragraph 388 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 388.

389.    To the extent the allegations in Paragraph 389 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 389.

390.    To the extent the allegations in Paragraph 390 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 390.

## COUNT XXI
**Violation of the Massachusetts Consumer Protection Act, MASS. GEN. LAWS ch. 93A, §§1, *et seq.***
**(On Behalf of Plaintiffs and the Class)**

391.    Shields restates and incorporates by reference its responses to Paragraphs 1 to 390, above.

392.    To the extent the allegations in Paragraph 392 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 392.

393.    To the extent the allegations in Paragraph 393 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 393.

394.    To the extent the allegations in Paragraph 394 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 394.

395.    To the extent the allegations in Paragraph 395 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 395.

396.    To the extent the allegations in Paragraph 396 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 396.

397.    To the extent the allegations in Paragraph 397 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 397.

398.    To the extent the allegations in Paragraph 398 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 398.

399.    To the extent the allegations in Paragraph 399 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 399.

400.    To the extent the allegations in Paragraph 400 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 400.

401.    To the extent the allegations in Paragraph 401 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 401.

402.    To the extent the allegations in Paragraph 402 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 402.

403.    To the extent the allegations in Paragraph 403 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 403.

404.    To the extent the allegations in Paragraph 404 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 404.

405.    To the extent the allegations in Paragraph 405 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 405.

406.    To the extent the allegations in Paragraph 406 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 406.

407.    To the extent the allegations in Paragraph 407 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 407.

408.    To the extent the allegations in Paragraph 408 constitute legal conclusions no response is required. Shields otherwise denies the allegations in Paragraph 408.

## <u>PRAYER FOR RELIEF</u>

Shields denies that Plaintiffs are entitled to relief requested under "Prayer for Relief," including subparts (A) to (I).

## AFFIRMATIVE DEFENSES

Shields asserts the following affirmative defenses:

### First Affirmative Defense

The Court lacks subject matter jurisdiction because Plaintiffs do not have standing under Article III of the U.S. Constitution.

### Second Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

Shields did not breach a duty of care to Plaintiffs or the putative class.

### Fourth Affirmative Defense

Plaintiffs' negligence claim fails because they did not suffer a compensable injury.

### Fifth Affirmative Defense

There is no threat of impending future harm that would entitle Plaintiffs or the putative class to injunctive relief.

### Sixth Affirmative Defense

Plaintiffs and the putative class have not suffered any injury or incurred any damages.

### Seventh Affirmative Defense

Shields did not commit any negligent act or omission that was the proximate cause of Plaintiffs' alleged damages.

### Eighth Affirmative Defense

Plaintiffs cannot show that there are questions of law or fact common to the putative class.

51

**Ninth Affirmative Defense**

Plaintiffs cannot show that their claims are typical of the claims of the putative class.

**Tenth Affirmative Defense**

Questions of law or fact common to putative class members do not predominate over any questions affecting only individual members of the putative class.

**Eleventh Affirmative Defense**

A class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

**Twelfth Affirmative Defense**

Other persons were careless or negligent, or committed intentional acts, and that this carelessness and negligence or these intentional acts proximately contributed to the happening of the incidents referred to in the complaint, and accordingly Plaintiffs' attempted recovery against Shields should be barred or proportionately reduced.

**Thirteenth Affirmative Defense**

Plaintiffs and the putative class failed to mitigate the losses and damages complained of, if there were any.

**Fifteenth Affirmative Defense**

Shields did not owe a fiduciary duty to Plaintiffs or the putative class.

**Sixteenth Affirmative Defense**

If Shields owed a fiduciary duty to Plaintiffs or the putative class, Shields did not breach that duty.

### Seventeenth Affirmative Defense

The claims of Plaintiffs and the putative class are precluded by release.

### Eighteenth Affirmative Defense

The claims of Plaintiffs and the putative class are precluded by the applicable statutes of limitation.

### Nineteenth Affirmative Defense

Plaintiffs did not comply with the prerequisites for the statutes under which they bring those claims.

### Twentieth Affirmative Defense

If Plaintiffs suffered any loss or damages, such were proximately caused or contributed to by the actions of third parties, which were intervening or superseding causes of Plaintiffs' loss or damages, and for which Shields has no responsibility.

### Twenty-First Affirmative Defenses

Plaintiffs' contract claims are precluded by the statute of frauds.

### Twenty-Second Affirmative Defenses

All possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Shields's Answer, and therefore Shields reserves the right to amend its Answer to allege additional Affirmative Defenses if subsequent investigation so warrants.

### PRAYER FOR RELIEF

WHEREFORE, Shields prays for the following relief:

1.      For dismissal of the Plaintiffs' action with prejudice;

2.      For an order that Plaintiffs shall take no relief from Shields based on the

Complaint herein;

3.      For an award of Shields' costs herein incurred; and

4.       For such further and other relief and the Court deems fair and just.


Dated: March 19, 2024                    Respectfully submitted,

                                         */s/ Jordan S. O'Donnell*
                                         Claudia D. McCarron (*pro hac vice*)
                                         Jordan S. O'Donnell (BBO #684001)
                                         MULLEN COUGHLIN LLC
                                         426 W. Lancaster Ave., Suite 200
                                         Devon, PA 19333
                                         Telephone: (267) 930-4787
                                         cmccarron@mullen.law
                                         jsodonnell@mullen.law

                                         *Attorneys for Defendant*
                                         *Shields Health Care Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2024, a copy of this answer was filed electronically and served on all counsel of record through the electronic filing system.

<u>*/s/ Jordan S. O'Donnell*</u>
Jordan S. O'Donnell