UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Shields Health Care Group, Inc. Data Breach Litigation | Case No. 1:22-cv-10901<br><br>Hon. Patti B. Saris |

**MEMORANDUM OF LAW IN SUPORT OF MOTION TO WITHDRAW APPEARANCE OF ELIZABETH POLLOCK-AVERY AS INTERIM CO-LEAD COUNSEL AND TO SUBSTITUTE KELLY K. IVERSON AS INTERIM CO-LEAD COUNSEL**

Plaintiffs move this Court to withdraw the appearance of Elizabeth Pollock-Avery and substitute Kelly K. Iverson as Interim Co-Lead Counsel in Attorney Pollock-Avery's place.

## BACKGROUND

This consolidated action was initiated in June 2022 and seeks to hold Shields Health Care Group, Inc. ("Shields") accountable for its implementation of inadequate data security and controls, which resulted in a serious data breach in or around March 2022, which injured two million patients nationwide (the "Data Breach"). On September 16, 2022, this Court entered an Order Appointing Interim Class Counsel. (ECF 55).

Since that time, Plaintiffs leadership filed a Consolidated Class Action Complaint (ECF 64), the Parties briefed and argued a motion to dismiss, which the Court granted in part and denied in part on March 5, 2024 (ECF 124), and the Parties have initiated discovery and engaged in mediation.

In its Order Appointing Interim Class Counsel, the Court appointed attorneys from three firms as Interim Co-Lead Class Counsel, including Elizabeth Pollock-Avery of Lynch Carpenter, LLP. (ECF 55). Attorney Pollock-Avery has provided notice of her resignation as an attorney with Lynch Carpenter, LLP, and that she does not intend to continue to litigate this action.

1

Consequently, Plaintiffs move to withdraw the appearance of Attorney Pollock-Avery and substitute the appearance of Kelly K. Iverson as Interim Co-Lead Counsel in this action.

Attorneys Pollock-Avery and Iverson acknowledge that there was a prior transition of Co-Lead Counsel when Alex Dravillas moved to be substituted for Seth Meyer as Interim Co-Lead Counsel late last year. Attorneys Iverson and Pollock-Avery have taken all necessary steps to ensure that the transition will not be disruptive for the putative class or the litigation. Attorney Pollock-Avery has provided Attorney Iverson with all of the necessary documents and information to ensure a seamless transition and will remain available to answer any questions Attorney Iverson may have during the transition.

As set forth below and in the accompanying Attorney Declaration, Attorney Iverson has the necessary knowledge, skills, and experience to lead this case and is ready and willing to devote the time and resources necessary to do so. Moreover, Attorney Iverson will fairly and adequately represent the class in place of Attorney Pollock-Avery pursuant to Fed. R. Civ. P. 23(g). Additionally, Attorney Iverson has no intention of leaving Lynch Carpenter at any point in the foreseeable future.

## ARGUMENT

I. **Legal Standard**

Pursuant to Local Rule 83.5.2, an attorney may withdraw their appearance upon appearance of successor counsel.

Rule 23(g) authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Courts use the same qualification criteria for designating interim counsel as are used for appointing class counsel." *Trombley v. Bank of Am. Corp.*, 08-CV-456-JD, 2010 WL 4878992, at *1 (D.R.I. Dec. 1, 2010).

Where an appointed interim class counsel is unable or unwilling to continue to serve in that capacity, substitute counsel may be appointed. *See*, *e.g.*, *In re Spectrum Brands, Inc. Sec. Litig.*, No. 1:05-CV-2494-WSD, 2006 WL 8432856, at *1 (N.D. Ga. July 17, 2006) (Granting motion to withdraw and substitute, and explaining "[h]aving considered the above-enumerated factors, as well as other relevant factors, including that counsel has extensive experience in litigating similar cases, has performed substantial work in prosecuting this action to date, and has substantial resources to devote to the prosecution of this action, the Court finds that [substitute counsel] satisfies the requirements of Rule 23(g)"); *King v. United States*, 93 Fed. Cl. 718, 718 (2010) (appointing substitute class counsel); *In re Cattle and Beef Antitrust Litig.*, MDL No. 22-3031, 0:22-md-03031, ECF 662 (D. Minn. Apr. 16, 2024) (same).

In appointing substitute class counsel, the Court must consider (1) the work the applicant has done identifying and investigating claims; (2) counsel's experience in handling complex litigation and/or the types of claims at issue; (3) counsel's knowledge of the law to be applied; and (4) the resources the applicant will commit to the case. Fed. R. Civ. P. 23(g)(1)(A); *In re Spectrum Brands, Inc. Sec. Litig.*, 2006 WL 8432856 at *1.

**II.     This Court should appoint Kelly K. Iverson of Lynch Carpenter as substitute Interim Co-Lead Counsel.**

Both Attorney Iverson and Lynch Carpenter have committed and will continue to commit substantial time and resources to this litigation and provide deep experience in data breach litigation.

**A.     Attorney Iverson and Lynch Carpenter Have Committed, and Will Continue to Commit, Substantial Time and Resources Identifying and Investigating the Claims of Plaintiffs and the Class**

Lynch Carpenter attorneys thoroughly investigated the breach since it was first publicly disclosed in June 2022, including performing factual and legal research, communicating with

3

clients and industry experts concerning the breach, and undertaking and maintaining due diligence regarding updated factual and legal information. Since leadership was appointed in September 2022, Lynch Carpenter has been involved in all aspects of this litigation, including the motion to dismiss opposition and argument, discovery, and mediation.

Throughout that time, Attorney Iverson has stayed abreast of developments in the case during case meetings with Attorney Pollock-Avery. Moreover, Attorney Pollock-Avery has provided Attorney Iverson with all documents and information needed to ensure a seamless transition.

Attorney Iverson's and Lynch Carpenter's commitment will continue. Attorney Iverson anticipates remaining with Lynch Capenter for the foreseeable future and is willing to commit to this litigation process regardless of its length or complexity. Lynch Carpenter is well-funded and well-staffed and has represented plaintiffs in some of the largest class actions in the country. Attorney Iverson and Lynch Carpenter have a proven track record of devoting time and financial resources to the full prosecution of similar types of actions, and they have and will continue to do so in this case as well.

Because Lynch Carpenter has performed important work that has already inured to the benefit of the proposed class, and because Attorney Iverson and Lynch Carpenter have committed and will continue to commit substantial resources to this case, the first factor of the Rule 23(g) analysis weighs heavily in favor of substituting Attorney Iverson for Attorney Pollock-Avery.

> **B.** **Attorney Iverson and Lynch Carpenter Have Substantial Experience Successfully Litigating Complex Cases, Including Numerous Data Breach Class Actions, and an Extensive Knowledge of the Applicable Law**

Attorney Iverson and her firm have extensive experience litigating complex class actions and have demonstrated particular success in litigating data breach actions. Lynch Carpenter

attorneys, including Attorney Iverson, have been at the vanguard of the emerging law applicable to data breach claims and have established a track record of working efficiently and collaboratively to obtain significant recoveries on behalf of the classes represented. The second and third factors of the Rule 23(g) analysis, thus, further weigh in favor of the substitution appointment of Attorney Iverson.

### 1. Lynch Carpenter

Lynch Carpenter is a 20-lawyer plaintiff-side class action firm with offices in Pennsylvania, Illinois, and California. Lynch Carpenter has been at the forefront in data breach and privacy litigation, obtaining leadership appointments in many of the largest and most well-known cases, generating seminal legal authority in both trial and appellate courts. For example, Lynch Carpenter (then known as Carlson Lynch) pioneered the development of Pennsylvania's data breach law with the seminal Supreme Court of Pennsylvania decision in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018). The court issued a landmark opinion—reversing the two lower courts—acknowledging that general principles of negligence support holding those who collect and store personally identifying information to a common law duty to reasonably safeguard such information from cyber-attack. *See Dittman*, 196 A.3d at 1047. The court also clarified that Pennsylvania's economic loss doctrine does not apply where a tort duty exists independent of any contract.

Lynch Carpenter's willingness to go the distance for its clients also enables the firm to negotiate from a position of strength and obtain favorable settlements for victims of data breaches and other privacy invasions. In addition to the numerous cases listed above successfully litigated to settlement while serving as lead counsel, Lynch Carpenter attorneys have also served as co-lead counsel or in other leadership positions in: *In re TikTok, Inc., Consumer Privacy Litig.*, MDL 2948 (N.D. Ill.) (Lynch Carpenter serves as co-lead counsel; the district court

recently granted final approval to a class settlement providing $92 million in monetary relief for the class); *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL 2522 (D. Minn.) (Lynch Carpenter was appointed to the Executive Committee managing the litigation on behalf of all plaintiffs (consumers, financial institution, and shareholders); the case was ultimately settled for $10 million (for consumers) and $39 million (for financial institutions)); *Dittman v. UPMC* (multimillion dollar settlement reached and approved after remand from the Pennsylvania Supreme Court); *First Choice Federal Credit Union v. The Wendy's Company et al*, 2:16-cv-0506, (W.D. Pa.) (Co-Lead Counsel in data breach representing financial institutions; $50 million settlement); *In re Home Depot Customer Data Sec. Breach Litig.*, MDL 2583 (N.D. Ga.) (Co-Lead Counsel in data breach representing financial institutions; $27 million settlement); *In re Vizio, Inc. Consumer Privacy Litig.*, MDL 2693 (C.D. Cal.) (consumer privacy breach, steering committee; $17 million settlement); and *In re: Ashley Madison Customer Data Sec. Breach Litig.*, 4:15-md-02669 (E.D. Mo.) (consumer data breach, executive committee; $11.2 million settlement).

Lynch Carpenter attorneys are currently involved in leadership positions in some of the largest active data breach and privacy MDLs and consolidated cases across the country, including: *In re Wawa, Inc. Data Security Litig.*, 2:19- cv-6019 (E.D. Pa.) (representing payment card issuers as co-lead counsel); *In re: Marriott International, Inc.*, 8:19-md-2879-PWG (D. Md.) (consumer data breach, steering committee); *In re Blackbaud, Inc. Customer Data Breach Litig.*, MDL 2972 (D.S.C.) (consumer data breach, steering committee).

### 2. Kelly K. Iverson

Attorney Iverson is a partner at Lynch Carpenter and has an established practice litigating complex and class action privacy and data breach cases. She has litigated cases factually similar to this one, involving disclosure of protected health information, such as *Opris v. Sincera*

*Reproductive Medicine*, 2:21-cv-3072 (E.D. Pa.) (Attorney Iverson served as co-lead counsel); and *In re: Solara Medical Supplies Data Breach Litig.*, 19-cv-2284 (Attorney Iverson was appointed to Plaintiffs' Steering Committee).

Attorney Iverson is currently appointed as Co-Lead Counsel in *In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Litigation* (W.D. Pa.) (products liability class and mass tort MDL arising from the sale of defective medical devices manufactured with toxic sound abatement foam; recently received final approval of a more than $600 million settlement of economic loss class claims) and *Kolstedt v. TMX Finance Corp. Serv., Inc.*, 4:23-cv-00076 (S.D. Ga.) (consolidated data breach class action). Attorney Iverson is also appointed to the Plaintiffs' Steering Committee in *In re Blackbaud, Inc. Customer Data Breach Litig.*, MDL 2972 (D.S.C.) (data breach MDL) and *In re: Samsung Customer Data Security Breach Litig.*, MDL 3055 (D.N.J) (data breach MDL). The balance of the *In re: Philips CPAP* case—for personal injuries and medical monitoring—recently reached a settlement in principle for $1.1 billion. Accordingly, Attorney Iverson will have sufficient time to devote to a leadership role in this case.

Additional detail on Attorney Iverson's education and experience is set forth in her resume, attached to her Attorney Declaration filed contemporaneous herewith.

### C. Attorney Iverson and Lynch Carpenter Have and Will Continue to Commit the Resources Necessary to Coordinate the Efforts and Progress of These Consolidated Cases

Lynch Carpenter is a highly regarded, nationally recognized law firm with the resources and experience necessary to successfully prosecute a case of this magnitude, as they have prosecuted very similar cases in the past and this case to date. Attorney Iverson and attorneys at her firm are responsible for achieving large class action recoveries in some of the most complex, document-intensive, and high-profile data breach class actions ever. Lynch Carpenter has already

provided resources and expertise to prosecute the claims against Shields and indisputably has the resources to continue to do so throughout this litigation.

Like Attorney Pollock-Avery, Attorney Iverson is cognizant of the need to control costs, and has diligently done so in the other complex litigations she has been involved in. Attorney Iverson will continue to use means to reduce costs to the class in this litigation.

Thus, the final Rule 23(g) factor weighs in favor of their proposed leadership structure.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order granting Elizabeth Pollock-Avery's withdrawal of appearance, and Kelly K. Iverson's substitution as Interim Co-Lead Counsel in her place.

Dated: May 1, 2024                                                                    Respectfully submitted,

*/s/ Elizabeth Pollock-Avery*
Kelly K. Iverson*
Elizabeth Pollock-Avery**
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
kelly@lcllp.com
elizabeth@lcllp.com
*_pro hac vice_ pending
**admitted _pro hac vice_