UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re Shields Health Care Group, Inc. Data Breach Litigation** | Case No.: 1:22-cv-10901-PBS |

### JOINT MOTION TO MODIFY SCHEDULING ORDER

Pursuant to Local Rules 7.1 and 16.1(g), the Parties in this consolidated putative class action respectfully move the Court for good cause to modify the scheduling order to extend all present case deadlines by approximately sixty (60) days, as set forth below. Although the Parties have made progress in discovery, they wish to further explore settlement efforts in an efficient and timely manner before expending party and judicial resources. As grounds therefore, the Parties state:

1. This putative class action arises from a data security incident (the "Incident") suffered by Defendant in March 2022. Plaintiffs allege their personal information was impacted in the Incident, and filed their Consolidated Class Action Complaint on January 9, 2023. [Dkt. 64].

2. As previously represented to the Court, there is a parallel consolidated state court putative class action arising out of Incident, titled *Kossifos v. Shields Health Care Group, Inc.*, Case No. 2282-cv-00561, currently pending in the Massachusetts Superior Court for Norfolk County (the "State Court Action"). The State Court Action seeks to certify a class of Massachusetts residents impacted by the Incident, whereas this action seeks to certify a class of non-Massachusetts residents.

3. As previously discussed at this matter's scheduling conference, the separate actions have been deemed necessary due to jurisdictional issues created by the Class Action Fairness Act's home-state exception and Massachusetts Rule of Civil Procedure 23. Plaintiffs' counsel in both actions are overlapping, and all counsel have been cooperating to litigate these matters in tandem to avoid redundancies.

4. On October 23, 2023, the Court entered the current case management schedule, which sets November 14, 2024 as the deadline for the completion of class certification discovery, filing of Plaintiffs' class certification motion, and disclosure of Plaintiffs' class certification experts. [Dkt. 111].

5. On March 5, 2024, the Court issued its order granting in part and denying in part Defendant's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint. [Dkt. 124].

6. On April 9, 2024, the Parties participated in a private mediation before Hon. Wayne Andersen (Ret.) of JAMS, as previously reported in the Parties' Notice of Scheduled Mediation, filed on February 6, 2024. [Dkt. 123]. Although that mediation did not result in a class-wide settlement, the Parties continued to discuss the possibility of settlement, and have recently agreed to re-engage in accelerated settlement discussions with the assistance of Judge Andersen.

7. The Parties largely agreed to hold discovery in abeyance pending the mediation in order to preserve party resources, including remaining insurance proceeds.

8. In advance of and since the mediation, the Parties exchanged written discovery requests and have conferred on multiple occasions regarding an ESI protocol and a protective order. Given that much of the anticipated discovery material would consist of electronic discovery and/or involve sensitive information implicating the protective order, the Parties have agreed to

provide discovery responses after the Court enters these orders, rather than require needless supplementations. The Parties expect to file both proposals for the Court's consideration shortly.

9. The deadline in the State Court Action for fact discovery, Plaintiffs' class certification motion, and Plaintiffs' disclosure of class certification experts is September 16, 2024, approximately two months earlier than this matters' similar deadlines, as described above.

10. Given the ongoing nature of settlement negotiations and the Parties' desire to pursue a class-wide resolution of this matter and the State Court Action together while maximizing party resources, the Parties have agreed to seek an extension of the discovery and Plaintiffs' class certification deadlines in both matters until mid-January 2025. This would involve an extension of approximately sixty (60) days to this matter's scheduling order.

11. The Parties believe this additional time will enable them to pursue all settlement options, preserve party and judicial resources by not requiring potentially unnecessary discovery and class certification briefing, and not unduly delay the disposition of this matter, if it does not resolve.

12. Notwithstanding this request, the Parties will file their proposed ESI protocol and protective order for entry soon, so that discovery can proceed in earnest if the ongoing settlement efforts are unsuccessful.

13. The Parties propose this matter's scheduling order be amended as follows, which will align with the proposed revisions to the State Court Action's scheduling order:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Class Certification Discovery | November 14, 2024 | January 14, 2025 |
| Plaintiffs' Class Certification Expert Reports | November 14, 2024 | January 14, 2025 |
| Plaintiffs' Class Certification Motion | November 14, 2024 | January 14, 2025 |

| | | |
|---|---|---|
| Completion Date for Discovery and Depositions of Plaintiffs' Class Certification Experts | January 31, 2025 | April 1, 2025 |
| Parties submit proposed schedule for briefing of Daubert motions. | May 8, 2025 | July 7, 2025 |
| Defendant's Class Certification Opposition | March 17, 2025 | May 16, 2025 |
| Defendant's Class Certification Expert Rebuttal Reports | March 17, 2025 | May 16, 2025 |
| Completion Date for Discovery and Depositions of Defendant's Class Certification Experts | May 1, 2025 | June 30, 2025 |
| Plaintiffs' Class Certification Reply | May 1, 2025 | June 30, 2025 |
| Plaintiffs' Class Certification Rebuttal Expert Reports | June 16, 2025 | August 15, 2025 |
| Time to Complete any additional discovery for good cause shown prior to dispositive motions | Forty-five (45) days after Court's ruling on class certification | Same |
| Dispositive motions | Sixty (60) days after Court's ruling on class certification | Same |
| Pre-trial Conference | At Court's Discretion | Same |

WHEREFORE, the parties in these consolidated matters jointly request that the Court extend the current scheduling order's deadlines by approximately sixty (60) days as set forth above.

Dated: August 9, 2024                                  Respectfully submitted,

*/s/ Jordan S. O'Donnell*
Jordan S. O'Donnell, #BBO 684001
Claudia D. McCarron (*pro hac vice*)
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Telephone: (267) 930-4106
jsodonnell@mullen.law
cmccarron@mullen.law

*Attorneys for Defendant*
*Shields Health Care Group, Inc.*

*/s/ Kelly K. Iverson*
Kelly K. Iverson (*pro hac vice*)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue-5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
kelly@lcllp.com

Lori G. Feldman (*pro hac vice*)
**GEORGE FELDMAN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Telephone: (917) 983-9321
lfeldman@4-justice.com

Alex J. Dravillas (*pro hac vice*)
**KELLER POSTMAN**
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
Telephone: (312)741-5226
ajd@kellerpostman.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2024, a copy of this motion was filed electronically and served on all counsel of record through the electronic filing system.

*/s/ Jordan S. O'Donnell*
Jordan S. O'Donnell
