UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Shields Health Care Group, Inc. Data Breach Litigation | Case No. 1:22-cv-10901<br><br>Hon. Patti B. Saris |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW APPEARANCE OF CAREY ALEXANDER AND TO SUBSTITUTE ANJORI MITRA AS PLAINTIFFS' INTERIM EXECUTIVE COMMITTEE MEMBER**

Plaintiffs move this Court to withdraw the appearance of Carey Alexander of Scott+Scott Attorneys at Law LLP and to substitute Anjori Mitra of Scott+Scott Attorneys at Law LLP as a member of Plaintiffs' Interim Executive Committee in Mr. Alexander's place.

## BACKGROUND

This consolidated action was initiated in June 2022 and seeks to hold Shields Health Care Group, Inc. ("Shields") accountable for its implementation of inadequate data security and controls, which resulted in a serious data breach in or around March 2022, which injured two million patients nationwide (the "Data Breach"). On September 16, 2022, this Court entered an Order Appointing Plaintiffs' Interim Class Counsel and Plaintiffs' Interim Executive Committee. (ECF 55).

Since that time, Plaintiffs' leadership filed a Consolidated Class Action Complaint (ECF 64), the Parties briefed and argued a motion to dismiss, which the Court granted in part and denied in part on March 5, 2024 (ECF 124), and the Parties have initiated discovery and engaged in mediation.

In its Order Appointing Plaintiffs' Interim Class Counsel and Plaintiffs' Interim Executive Committee, the Court appointed Carey Alexander of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as one of the members of Plaintiffs' Interim Executive Committee. (ECF 55 at 5).

Mr. Alexander has provided notice of his resignation as an attorney with Scott+Scott, and that he does not intend to continue to litigate this action.

Consequently, Plaintiffs move to withdraw the appearance of Mr. Alexander and substitute his appearance with Anjori Mitra as a member of Plaintiffs' Interim Executive Committee in this action.

Mr. Alexander and Ms. Mitra acknowledge that there was a prior transition of Co-Lead Counsel when Mr. Dravillas moved to be substituted for Mr. Meyer as Interim Co-Lead Counsel late last year, and when Ms. Iverson moved to be substituted for Ms. Pollock-Avery as Interim Co-Lead Counsel in May of this year. Ms. Mitra and Mr. Alexander have taken all necessary steps to ensure that the transition will not be disruptive for the putative class or the litigation. Mr. Alexander has provided Ms. Mitra with all of the necessary documents and information to ensure a seamless transition and will remain available to answer any questions Ms. Mitra may have during the transition.

As set forth below and in the accompanying Attorney Declaration, Ms. Mitra has the necessary knowledge, skills, and experience to lead this case and is ready and willing to devote the time and resources necessary to do so. Moreover, Ms. Mitra will fairly and adequately represent the class in place of Mr. Alexander pursuant to Fed. R. Civ. P. 23(g). Additionally, Ms. Mitra has no intention of leaving Scott+Scott at any point in the foreseeable future.

## ARGUMENT

**I.     LEGAL STANDARD**

Pursuant to Local Rule 83.5.2, an attorney may withdraw their appearance upon appearance of successor counsel.

Rule 23(g) authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

"Courts use the same qualification criteria for designating interim counsel as are used for appointing class counsel." *Trombley v. Bank of Am. Corp.,* 08-CV-456-JD, 2010 WL 4878992, at *1 (D.R.I. Dec. 1, 2010).

Where an appointed interim class counsel is unable or unwilling to continue to serve in that capacity, substitute counsel may be appointed. *See, e.g., In re Spectrum Brands, Inc. Sec. Litig.,* No. 1:05-CV-2494-WSD, 2006 WL 8432856, at *1 (N.D. Ga. July 17, 2006) (granting motion to withdraw and substitute, and explaining "[h]aving considered the above-enumerated factors, as well as other relevant factors, including that counsel has extensive experience in litigating similar cases, has performed substantial work in prosecuting this action to date, and has substantial resources to devote to the prosecution of this action, the Court finds that [substitute counsel] satisfies the requirements of Rule 23(g)"); *King v. United States,* 93 Fed. Cl. 718, 718 (2010) (appointing substitute class counsel); *In re Cattle and Beef Antitrust Litig.,* MDL No. 223031, 0:22-md-03031, ECF 662 (D. Minn. Apr. 16, 2024) (same).

In appointing substitute class counsel, the Court must consider: (1) the work the applicant has done identifying and investigating claims; (2) counsel's experience in handling complex litigation and/or the types of claims at issue; (3) counsel's knowledge of the law to be applied; and (4) the resources the applicant will commit to the case. Fed. R. Civ. P. 23(g)(1)(A); *In re Spectrum Brands, Inc. Sec. Litig.,* 2006 WL 8432856 at *1.

## II. THIS COURT SHOULD APPOINT ANJORI MITRA OF SCOTT+SCOTT AS SUBSTITUTE MEMBER OF THE INTERIM EXECUTIVE COMMITTEE

Both Ms. Mitra and Scott+Scott have committed and will continue to commit substantial time and resources to this litigation and provide deep experience in data breach litigation.

**A.   Attorney Mitra and Scott+Scott Have Committed, and Will Continue to Commit, Substantial Time and Resources Identifying and Investigating the Claims of Plaintiffs and the Class**

Scott+Scott attorneys thoroughly investigated the breach since it was first publicly disclosed in June 2022, including performing factual and legal research, communicating with clients and industry experts concerning the breach, and undertaking and maintaining due diligence regarding updated factual and legal information. Since leadership was appointed in September 2022, Scott+Scott worked on several projects relating to this litigation.

Ms. Mitra has gotten up to speed on developments in the case. Moreover, Ms. Mitra has been provided with the documents and information needed to ensure a seamless transition.

Ms. Mitra's and Scott+Scott's commitment will continue. Ms. Mitra anticipates remaining with Scott+Scott for the foreseeable future and is willing to commit to this litigation process regardless of its length or complexity. Scott+Scott is well-funded and well-staffed and has represented plaintiffs in some of the largest class actions in the country. Ms. Mitra and Scott+Scott have a proven track record of devoting time and financial resources to the full prosecution of similar types of actions, and they have and will continue to do so in this case as well.

Because Scott+Scott has performed important work that has already inured to the benefit of the proposed class, and because Ms. Mitra and Scott+Scott have committed and will continue to commit substantial resources to this case, the first factor of the Rule 23(g) analysis weighs heavily in favor of substituting Ms. Mitra for Mr. Alexander.

**B.   Attorney Mitra and Scott+Scott Have Substantial Experience Successfully Litigating Complex Cases, Including Numerous Data Breach Class Actions, and an Extensive Knowledge of the Applicable Law**

Scott+Scott has extensive experience litigating complex class actions and has demonstrated particular success in litigating data breach actions. Scott+Scott attorneys have been at the vanguard of the emerging law applicable to data breach claims and have established a track record

of working efficiently and collaboratively to obtain significant recoveries on behalf of the classes represented. Ms. Mitra has significant litigation experience, including in the areas of class actions and data breach actions. The second and third factors of the Rule 23(g) analysis, thus, further weigh in favor of the substitution appointment of Ms. Mitra.

        **1.**      **Scott+Scott**

Scott+Scott is one of the most respected U.S.-based law firms specializing in the investigation and prosecution of complex securities, antitrust, and other commercial actions in both the United States and Europe. Today, the Firm is comprised of more than 135 team members, including more than 100 attorneys supported by a seasoned staff of paralegals, IT and document management professionals, financial analysts, and in-house investigators.

Scott+Scott's Consumer Practice Group consists of some of the premier advocates in the area of consumer protection and has litigated and secured some of the most significant consumer protection settlements on behalf of its clients, resulting in hundreds of millions of dollars to class members. The Firm's Consumer Practice Group has attorneys dedicated to three primary areas: Data Breach/Data Privacy Litigation, Insurance and Pharmaceutical Litigation, and Consumer Protection Litigation.

Scott+Scott and its attorneys have been appointed to numerous leadership positions in prominent complex consumer class actions throughout the United States, and have achieved significant recoveries for its clients, including: *Barrett, et al. v. Apple Inc., et al.*, No. 20 Civ. 4812 (N.D. Cal.) (Scott+Scott was appointed interim co-lead counsel representing a class of consumers who were victims of gift card scams and from whom Apple allegedly withheld funds. Together, co-lead counsel defeated Apple's motion to dismiss and successfully negotiated a $35 million settlement on behalf of the class); *In re Equifax, Inc. Customer Data Security Breach Litigation*, No. 1:17-md-02800 (N.D. Ga.) (Scott+Scott was appointed co-lead counsel on behalf of a class of

5

financial institutions, resulting in settlement in excess of $32.5 million); *In re The Home Depot, Inc., Customer Data Security Breach Litig.*, No. 1:14-md-02583 (N.D. Ga.) (Scott+Scott was appointed co-lead counsel on behalf of financial institutions nationwide, which resulted in a $27.25 million settlement); *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17 Civ. 00356 (W.D. Wash.) (Scott+Scott was appointed co-lead counsel resulting in a $9.8 million settlement for the class); and *First Choice Federal Credit Union v. The Wendy's Co.*, No. 2:16 Civ. 00506 (W.D. Pa.) (Scott+Scott appointed as co-lead counsel representing financial institutions involving the breach of personal and financial information of millions of credit and debit cards, which resulted in a $50 million settlement).

Scott+Scott and its attorneys were recognized for their efforts representing New York University in obtaining a monumental temporary restraining order of over $200 million from a Bernard Madoff feeder fund and in doing so, New York State Supreme Court Justice Richard B. Lowe III stated, "Scott+Scott has demonstrated a remarkable grasp and handling of the extraordinarily complex matters in this case. The extremely professional and thorough means by which NYU's counsel has litigated this matter has not been overlooked by this Court." *NYU v. Ariel Fund Ltd.*, No. 603803/08, Order at 9-10 (N.Y. Supr. Ct. Feb. 22, 2010).

    **2.    Anjori Mitra**

Ms. Mitra is an associate at Scott+Scott. She has broad civil and commercial litigation experience. Her work has included federal and state litigation representing public entities, labor health and welfare funds and individuals. She has recently litigated several product liability and wrongful death lawsuits against a large manufacturer of infant and children's' products (*Butler, et al. v. Fisher-Price, Inc., et al.* Case No. 19STCV20490 (Cal. Superior Ct.); *Sanders, et al. v. Fisher-Price, Inc. et al.*, Case No. 19STCV24243 (Cal. Superior Ct.); represented a large suburban county in a federal antitrust litigation against generic drug manufacturers for colluding to increase

drug prices (*County of Suffolk v. Actavis Holdco US, Inc., et al.*, Case No. 2:20-cv-4893 (E.D. Pa.); represented health and welfare benefit funds in litigation relating to the opioid crisis (*Teamsters Local 237 Retirees' Benefit Fund, et al. v. Purdue Pharma L.P., et al.*, Case No. 1:18-op-45174 (N.D. Ohio); *Plumbers Local Union No. 1 Welfare Fund v. Purdue Pharma L.P., et al.*, Case No. 1:18-op-45838 (N.D. Ohio); *Hollow Metal Trust Fund v. Endo Health Solutions, Inc., et al.*, Case No. 1:20-op-45094 9N.D. Ohio); *New York City District Council of Carpenters Welfare Fund v Endo Health Solutions, Inc., et al.*, Case No. 1:20-op-45095 (N.D. Ohio); represented the Metropolitan Transportation Authority in federal multi-district litigation alleging conduct in violation of antitrust law against a number of health insurance plans (*Metropolitan Transportation Authority, et al. vs. Blue Cross and Blue Shield of Alabama, et al.*, Case No. 2:22-cv-265 (N.D. Ala.); and represented one of New York State's largest counties in several lawsuits challenging its property taxation system (*The Retail Property Trust v. Nassau County Department of Assessment, et al.,* Case No. 2:19-cv-02193 (E.D.N.Y); *Hall, et al. v Nassau County*, Case No. 2:19-cv-00893 (E.D.N.Y); *Hall, et al. v Nassau County* (Index No. 609994/2023 (NY. Sup. Ct., Nassau County). She has also worked on various data breach and product-related consumer class actions, including *In Re Hudson's Bay Company Data Security Incident Consumer Litigation,* Case No. 18-cv-8472 (S.D.N.Y) and *In Re: Takata Airbag Products Liability Litigation*, Case No. 7:20-cv-00501 (S.D.N.Y.).

Before joining Scott+Scott, Ms. Mitra worked at a boutique litigation firm and at a plaintiff-side consumer and securities class action firm. Prior to that, she practiced in New Zealand as a barrister at a preeminent barristers' chambers and worked on a wide range of civil and commercial matters. She has appeared as counsel in state courts in New York and California (as well as numerous courts and tribunals, including at appellate level, in New Zealand).

Ms. Mitra holds a BA/LLB (Honors) from the University of Auckland (New Zealand) and an LL.M. from Columbia Law School. Ms. Mitra was named a SuperLawyers Rising Star in 2023 and 2024.

### C. Attorney Mitra and Scott+Scott Have and Will Continue to Commit the Resources Necessary to Coordinate the Efforts and Progress of These Consolidated Cases

Scott+Scott is a highly regarded, nationally recognized law firm with the resources and experience necessary to successfully prosecute a case of this magnitude, as they have prosecuted very similar cases in the past and this case to date. Scott+Scott is responsible for achieving large class action recoveries in some of the most complex, document-intensive, and high-profile data breach class actions ever. Scott+Scott has already provided resources and expertise to prosecute the claims against Shields and indisputably has the resources to continue to do so throughout this litigation.

Like Mr. Alexander, Ms. Mitra is cognizant of the need to control costs, and has diligently done so in other complex litigations she has been involved in. Ms. Mitra will continue to use means to reduce costs to the class in this litigation.

Thus, the final Rule 23(g) factor weighs in favor of substituting Ms. Mitra as a member of Plaintiffs' Interim Executive Committee.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order granting Mr. Alexander's withdrawal of his appearance from this action, and Ms. Mitra's substitution as a member of Plaintiffs' Interim Executive Committee in his place.

Dated:  August 27, 2024

Respectfully submitted,
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo (BBO #671410)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-233-6334
jguglielmo@scott-scott.com

/s/ Anjori Mitra
Anjori Mitra (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-233-6334

**LOCAL RULE 7.1 CERTIFICATE**

In accordance with Local Rule 7.1, the undersigned hereby certifies that counsel for Plaintiff conferred with counsel for Defendant in the above-entitled action, and counsel for Defendant represented that Defendant consents to the foregoing motion.

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on August 27, 2024.

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo