**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| In re Shields Health Care Group, Inc. Data Breach Litigation | Case No.: 1:22-cv-10901-PBS<br><br>Hon. Patti B. Saris |
| --- | --- |

**[PROPOSED] ORDER OF PRELIMINARY APPROVAL**

**WHEREAS**, a Settlement Agreement, dated as of May 15, 2025 (the "Settlement Agreement"), was made and entered into by and among the following Parties: Plaintiffs James Buechler, Julie Colby, John Kennedy, Sharon Pimental, and Cindy Tapper (the "Settlement Class Representatives"), individually and on behalf of the Settlement Class Members, by and through George Feldman McDonald, PLLC; Lynch Carpenter LLP; Keller Postman, LLC; Morgan & Morgan; Mazow McCullough, PC (collectively, "Settlement Class Counsel"); and (ii) Shields Health Care Group, Inc. ("Shields" or "Defendant"), by and through Shields' counsel Mullen Coughlin, LLC ("Defendant's Counsel").

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the arguments of counsel, having determined preliminarily that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Federal Action Settlement Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement.

2. The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Federal Action Settlement Class Members.

**Preliminary Settlement Class Certification**

3. The Court certifies, for settlement purposes only, the following Federal Action Settlement Class pursuant to Federal Rule of Civil Procedure 23:

> All persons residing in the United States that Shields identified as potentially having their Personal Information impacted by the Data Incident that are residents of any U.S. State. U.S. territory, or the District of Columbia, other than Massachusetts.

4. Excluded from the Federal Action Settlement Class are (1) any Judge or Magistrate Judge presiding over the Litigation, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members, and shareholders of the Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Federal Action Settlement Class and the successors and assigns of any such excluded persons; (4) any persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Parties' Counsel; and (6) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity or occurrence of the Data Incident or who pleads nolo contendere to any such charge.

5. The Court determines that, for settlement purposes, the proposed Federal Action Settlement Class likely meets all the requirements of Federal Rules of Civil Procedure ("Rules") 23(a) and (b)(3), namely that the Federal Action Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives are typical of absent Federal Action Settlement Class Members; that the Settlement Class Representatives will fairly and adequately protect the interests of the Federal Action Settlement Class as they have no interests antagonistic to or in conflict with the Federal Action Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class

Case 1:22-cv-10901-PBS Document 163-1 Filed 08/27/25 Page 4 of 10

action is the superior means of adjudicating the controversy.

6. For purposes of settlement only, Settlement Class Representatives, James Buechler, Julie Colby, John Kennedy, Sharon Pimental, and Cindy Tapper, are preliminarily appointed as the Settlement Class Representatives.

7. For purposes of settlement only, the Court preliminarily appoints, pursuant to Rule 23(g), Settlement Class Counsel, George Feldman McDonald, PLLC; Lynch Carpenter LLP; Keller Postman; Morgan & Morgan; Mazow McCullough, PC, as Class Counsel for the Settlement Class.

**Reasonableness of the Proposed Settlement**

8. The Court finds that: (i) the proposed Settlement resulted from extensive and good-faith negotiations at arm's length by experienced counsel; (ii) the proposed Settlement is in the best interests of the Federal Action Settlement Class Members; and (iii) the terms of the proposed Settlement as evidenced by the Settlement Agreement appear to be sufficiently fair, reasonable, and adequate in light of the risks, delays, and expenses of further litigation, warranting notice of the Settlement Agreement to Federal Action Settlement Class Members, and the scheduling of a final fairness hearing.

9. The Court finds that the proposed Settlement creates an equitable claims process that will allow Federal Action Settlement Class Members an opportunity to obtain reimbursement for certain types of harm they may have suffered as a result of events alleged in the Litigation. This consideration appears to be within the range of reasonableness and an adequate exchange for the Federal Action Settlement Class's release of claims as described in the Settlement Agreement.

10. Accordingly, the Court grants preliminary approval of the Settlement, subject to final approval, and directs the Parties to conduct their plan for Notice as described in the Settlement Agreement.

**Notice to the Settlement Class**

11. The Court finds that the Notice proposed in the Settlement Agreement, including in form, content, and method as set forth in the Settlement Administrator's declaration at Exhibit D to the Settlement: (a) constitutes the best practicable notice to the Federal Action Settlement Class; (b) is reasonably calculated, under the circumstances, to apprise Federal Action Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) is reasonable and constitutes due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfies the requirements of Rule 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Federal Action Settlement Class Members.

12. The Parties and Settlement Administrator are authorized to make non-material modifications to the Notices and Claim Form, such as proofing and formatting alterations, without further order from this Court.

13. The Court appoints Analytics Consulting, LLC as the Settlement Administrator and orders it to provide Notice to the Federal Action Settlement Class Members and perform services as set forth in the Settlement Agreement and its exhibits.

14. The Court orders Shields to preliminarily fund the Settlement Fund to pay for the Costs of Notice and Administration pursuant to the Settlement Agreement and further orders Defendant, through the Settlement Administrator, to provide the requisite CAFA Notice as set forth in the Settlement Agreement.

15. Within twenty (20) days after the entry of this Order, Shields will pay to the Settlement Administrator an amount indicated by the Settlement Administrator as the estimated cost for notice to be sent to all Federal Action Settlement Class Members, which amount will be

credited towards the total amount of the Settlement Fund.

16. Within two (2) days after the entry of this Order, Defendant shall provide the Settlement Administrator with all known and readily available mailing information for Federal Action Settlement Class Members, including their U.S. mail addresses and, where available, email addresses.

**Claims Process and Distribution Plan**

17. The Settlement establishes a process for assessing and determining the validity of claims for Ordinary Out-of-Pocket Losses, Ordinary Attested Time, and Extraordinary Losses, Extraordinary Attested Time, or for an Alternative Cash Payment, and a methodology for paying Federal Action Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves this process and the proposed Settlement Benefits Plan.

18. Federal Action Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice, the Claim Form, and the Settlement Agreement.

**Exclusions from the Class**

19. Any Federal Action Settlement Class Member who wishes to be excluded from the Settlement must mail a written notification of the intent to exclude themselves to the Settlement Administrator, at the address provided in the Notice, postmarked no later than ~~sixty (60)~~ fifty (50) days after the Notice Deadline (the "Opt-Out Deadline"). The written request for exclusion must identify the case name and number of this Action (*In re Shields Health Care Group, Inc. Data Breach Litigation*, Case No. 1:22-cv-10901 (D. Mass.)), or a decipherable approximation thereof; identify the full name and address of the Federal Action Settlement Class Member seeking exclusion from the Settlement; be personally signed by the individual seeking exclusion; include a statement clearly indicating the Federal Action Settlement Class Member's intent to be excluded from the

Settlement; and request exclusion for that one individual whose personal signature appears on the request.

20. All Federal Action Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement. Any Federal Action Settlement Class Member that does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Federal Action Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by (a) all subsequent proceedings, orders, and judgments in this matter, (b) the Settlement, including, but not limited to, the releases and waivers set forth in the Settlement Agreement, and (c) the Final Approval Order and the Judgment.

21. Settlement Class Counsel shall advise the Federal Court of all Federal Action Settlement Class Members who submit a valid and timely Opt-Out request to the Settlement Administrator.

**Objections to the Settlement**

22. A Federal Action Settlement Class Member who complies with the requirements of this Order may object to the Settlement, the request of Settlement Class Counsel for an award of attorneys' fees and expenses, and/or the request for a Service Award.

23. Any Federal Action Settlement Class Member who wishes to object to the Settlement, the request of Settlement Class Counsel for an award of attorneys' fees and expenses, and/or the request for a Service Award, must submit a written objection electronically or by first-class postage prepaid mail to the Settlement Administrator on or before the Objection Deadline.

24. The written objection must include:

a. the objector's full name, mailing address, telephone number, and email

Case 1:22-cv-10901-PBS Document 163-1 Filed 08/27/25 Page 8 of 10

address (if any);

b. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c. the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

d. a list of all expert witnesses who will be called to testify at the Final Approval Hearing in support of the objection (if any);

e. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

f. the objector's signature (or, if represented by counsel, an attorney's signature).

25. Any Federal Action Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases and waivers in the Settlement Agreement, if finally approved. Any Federal Action Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

26. Settlement Class Counsel shall file all objections received from Federal Action Settlement Class members with their Final Approval Motion.

**Stay of Proceedings**

27. Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and the Judgment, or until further order of this Court.

**Continuance of Final Approval Hearing**

28. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Federal Action Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator.

**Actions by Settlement Class Members**

29. The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Federal Action Settlement Class Members against Shields related to the Data Incident.

**Final Approval Hearing**

30. The Final Approval Hearing shall take place before the Court on December 16, **2025** at 2:00 PM ~~a.m./p.m.~~ in Courtroom 10, Norfolk Superior Court, to determine, among other things, whether: (a) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement Agreement's terms, all claims in the Litigation should be dismissed with prejudice as to the Defendant Released Parties; (b) Federal Action Settlement Class Members should be bound by the releases and waivers set forth in the Settlement Agreement; (c) the proposed Final Approval Order and the proposed Judgment should be entered; (d) the application of Settlement Class Counsel for an award of attorneys' fees and expenses should be approved; and (e) the application for a Service Award to the Settlement Class Representatives should be approved. Any other matters that the Court deems necessary and appropriate will also be addressed at the hearing.

31. Federal Action Settlement Class Counsel shall submit their application for fees, costs, and expenses and the application for Service Awards at least fifteen (15) ~~thirty (30)~~ days before the Objection Deadline.

32. Any Federal Action Settlement Class Member that has not timely and properly excluded himself or herself from the Settlement may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Federal Action Settlement Class Member that has elected to exclude himself or herself from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Federal Action Settlement Class Member shall be heard in opposition to the Settlement unless the Federal Action Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described above and in the Notice.

33. The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines under the Settlement and this Order include but are not limited to the following:

| Event | Deadline |
|---|---|
| Shields Provides Class List to Settlement Administrator (2 business after Preliminary Approval) | Sept. 11, 2025 |
| Notice Deadline (~~30 days after Preliminary Approval~~) | Oct. 6, 2025 |
| Objection and Opt Out Deadlines (~~60 days after Notice Deadline; 90 days after Preliminary Approval~~) | Nov. 25, 2025 |
| Claims Deadline (~~75 days after Notice Deadline; 105 Days after Preliminary Approval~~) | Dec. 3, 2025 |
| Motion for Attorneys' Fees and Expenses and Service Award (~~30 days after Notice Deadline; 60 days after Preliminary Approval)~~ | Nov. 10, 2025 |
| Motion for Final Approval (~~10 days before Final Approval Hearing~~) | Dec. 9, 2025 |
| Final Approval Hearing (~~at least 120 days after Preliminary Approval~~) | Dec. 16, 2025 |

**ENTERED:** September 9, 2025

Patti B. Saris
Hon. Patti B. Saris
UNITED STATES DISTRICT JUDGE