UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Shields Health Care Group, Inc. Data Breach Litigation | Case No.: 1:22-cv-10901-PBS <br><br> Hon. Patti B. Saris |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees, Expenses, and Representative Plaintiffs' Service Awards (ECF Nos. 168-170, 181) (the "Fee Motion"), and following the December 16, 2025 Final Approval Hearing and entry of the Court's Order Awarding Attorneys' Fees, Expenses, and Service Awards (ECF No. 186) ("Attorneys' Fee Order") which ordered counsel for Plaintiffs to prepare a proposed order consistent with the Court's Attorneys' Fee Order. Upon review of the Fee Motion, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed of the premises, and having entered the Attorneys' Fee Order, it is **ORDERED and ADJUDGED** as follows:

1. This Court has jurisdiction to enter this Order, over the subject matter of this Litigation, and over the Parties and all Settlement Class Members.

2. This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Settlement Agreement"), attached to the Motion for Preliminary Approval as Exhibit 1. (ECF No. 158-1).

3. Notice of the Fee Motion was given to all Settlement Class Members who could be located with reasonable effort. The form and method of notifying the Settlement Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and

any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons entitled thereto.

4. This Court awards Settlement Class Counsel 25% of the Settlement Fund of $15,350,000.00 (*i.e.*, $3,837,500.00). Said amount takes into consideration the lodestar figure as well as the benefits the Settlement Class Members achieved through this settlement.

5. The Court approves expenses in the amount of $76,276.04 to be paid from the Settlement Fund.

6. The Court approves the request for a service award in the amount of $2,500.00 for each Representative Plaintiff to be paid from the Settlement Fund.

7. This Court finds these amounts of fees, costs, expenses and service awards to be fair and reasonable.

8. This award of attorneys' fees, costs, expenses and service awards shall be paid from the Settlement Fund in accordance with the Settlement Agreement, which terms, conditions, and obligations are incorporated herein. Settlement Class Counsel, in their sole discretion, and based on their good faith judgment as to the relative contributions of any other law firm, shall allocate and distribute the Fee and Expense Award amongst themselves and any other Plaintiffs' counsel.

9. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered by district courts within the First Circuit, including (1) the size of the fund and the number of persons benefitted; (2) the skill, experience, and efficiency of the attorneys involved; (3) the complexity and duration of the litigation; (4) the risks of the litigation; (5) the amount of time devoted to the case by counsel; (6) awards in similar cases; and (7) public policy considerations. In considering these factors, the Court has found that:

      a. the Settlement has created a fund of $15,350,000.00 in cash, pursuant to the terms of the Settlement Agreement, and Settlement Class Members, consisting of approximately 2,382,578 individuals, will benefit from the Settlement created by the efforts of Class Counsel;

      b. Class Counsel conducted the Litigation and achieved the Settlement with skill, experience, and efficiency;

      c. the claims against Defendant involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

      d. had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendant;

      e. Class Counsel expended substantial time and effort pursuing the Litigation on behalf of the Settlement Class;

      f. the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases; and

      g. public policy considerations support the award of attorneys' fees and expenses.

10. This award of attorneys' fees, costs, expenses and service awards is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. No appeal or challenge concerning this Court's approval of the Fee Motion shall affect the finality of the judgment entered with respect to the Settlement.

**DONE AND ORDERED** on this ___2___ day of ___March___, 2026

_____
Hon. Patti B. Saris
UNITED STATES DISTRICT JUDGE